**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1936**

HARTINI NGN; HARIYANTO NGN,

             Petitioners,

        v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  March 18, 2010          Decided:  March 31, 2010

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Troy Nader Moslemi, New York, New York, for Petitioners.  Tony
West, Assistant Attorney General, John S. Hogan, Senior
Litigation Counsel, Nicole J. Thomas-Dorris, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hartini Ngn and Hariyanto Ngn,[1] natives and citizens of Indonesia, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's order denying Hartini's applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT").[2] We deny the petition for review.

The Petitioners challenge the adverse credibility finding and the finding that they failed to provide sufficient corroborative evidence. The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a), (b) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2009), and

---

[1] Both Petitioners are designated as having no given name ("Ngn").

[2] Hartini was the lead asylum applicant.

2

can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2009). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion." Gomis v. Holder, 571 F.3d 353, 359 (4th Cir. 2009) (internal quotation marks omitted), cert. denied, 130 S. Ct. 1048 (2010). "This is a more stringent standard than that for asylum . . . . [and], while asylum is discretionary, if an alien establishes eligibility for withholding of removal, the grant is mandatory." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353-54 (4th Cir. 2006) (internal citations omitted).

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer a "specific, cogent reason" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (internal quotation marks omitted). "Examples of specific and cogent reasons include inconsistent statements, contradictory

3

evidence, and inherently improbable testimony . . . ." Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks omitted). Likewise, "the immigration judge cannot reject documentary evidence without specific, cogent reasons why the documents are not credible." Kourouma v. Holder, 588 F.3d 234, 241 (4th Cir. 2009).

We accord broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, however, it is not supported by substantial evidence. Tewabe, 446 F.3d at 538.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). We will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Because the Board added its own reasoning

4

when it adopted the immigration judge's decision, this court will review both decisions.  Niang v. Gonzales, 492 F.3d 505, 511 n.8 (4th Cir. 2007).

We find substantial evidence supports the adverse credibility finding.  Hartini admitted she filed a false asylum application claiming she was persecuted because she was a Christian.  She also admitted she continued to assert this false claim in her interview with the asylum officer.  This uncontradicted finding is more than enough upon which to base an adverse credibility finding.  We also find the record supports the immigration judge's finding that Hartini failed to present sufficient corroborative evidence that she feared persecution from radical Islamics because she was a moderate Muslim.  Accordingly, the record does not compel a different result regarding the denial of asylum or withholding from removal.

We further find substantial evidence supports the finding that Hartini failed to show that it was more likely than not she would be tortured if removed to Indonesia.  8 C.F.R. § 208.16(c)(1), (2) (2009).

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5